IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD D. ANDERSON,

                Petitioner,                                    OPINION AND ORDER

v.                                                  11-cv-584-wmc

LIZZIE TEGELS, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

      Petitioner Edward D. Anderson seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his state court convictions for sexual assault of a child. After conducting a preliminary review of Anderson's petition, this court directed respondent to show cause why relief should not be granted. The respondent filed an answer, along with records from the relevant state court proceedings, and both parties subsequently submitted briefing. Because the record established that Anderson is not entitled to the relief sought, his petition will now be denied.

## BACKGROUND

      Anderson was charged with two separate counts of first-degree sexual assault of a child in Milwaukee County Case No. 01CF1783. In particular, Anderson was charged with sexually assaulting his four-year-old niece by making "mouth-to-vagina" contact (count one) and by making "penis-to-anus" contact (count two).

Anderson filed a pre-trial motion pursuant to *State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990), seeking to admit evidence of the four-year-old victim's prior sexual conduct.  In particular, Anderson wanted to present testimony from Anderson's mother, who reportedly witnessed the victim, then approximately two years old, licking the crotch of a Barbie doll.  When Anderson's mother inquired what she was doing, the child reportedly said that her own mother had taught her to do that.  The circuit court denied Anderson's motion without a hearing, concluding that the evidence was barred by the Wisconsin rape-shield statute, Wis. Stat. § 972.11(2)(b).  Anderson was subsequently convicted of reduced charges (two counts of third-degree sexual assault) following a bench trial, which featured a videotaped interview of the victim made during the criminal investigation.  The circuit court sentenced Anderson to serve a total of eight years' confinement followed by eight years of extended supervision.

Anderson filed a motion for post-conviction relief, alleging that his trial attorneys were deficient and that his sentence was unduly harsh.  The circuit court disagreed on both counts.

On direct appeal, Anderson argued that he was denied a speedy trial and also denied his due process right to present a defense when the circuit court excluded evidence of the victim's prior sexual conduct, which he claimed would show an alternative source of sexual knowledge.  The Wisconsin Court of Appeals rejected Anderson's speedy-trial claim, but remanded the case for a hearing on Anderson's motion to admit evidence under *Pulizzano*, noting that the conduct described by Anderson was

similar to one of the charged counts of sexual assault.  *See State v. Anderson*, Appeal No. 2004AP2607-CR (Sept. 27, 2005).

On remand, the circuit court heard testimony from Anderson's mother, Susan King, and from the victim's mother, Julie Wapp.  King testified that she babysat for the victim in 1998, and observed the child licking a Barbie doll between its legs.  The child then stated that "mommy" showed her this activity.  King testified that she told Wapp about the incident that same day.  Wapp testified, however, that she had no recollection of having this discussion with King or hearing anything about such an incident until after criminal charges were initiated against Anderson.  Wapp testified, moreover, that the victim had never enjoyed playing with dolls.  Based on this testimony, the circuit court found that Anderson's offer of proof failed to satisfy "the *Pulizzano* test" for admitting evidence of a victim's prior sexual contact.

Again on appeal before the Wisconsin Court of Appeals, this proposed evidence was similarly deemed to have been properly excluded under the *Pulizzano* test:

> ¶ 12 To establish a constitutional right to present evidence that is otherwise barred by Wis. Stat. § 972.11, a defendant must satisfy the test developed in *Pulizzano*. First, the defendant must make an offer of proof satisfying each of five criteria: (1) the prior act clearly occurred; (2) the act closely resembles that in the present case; (3) the prior act is clearly relevant to a material issue; (4) the evidence is necessary to the defendant's case; and (5) the probative value outweighs the prejudicial effect. *Pulizzano*, 155 Wis. 2d at 656, 456 N.W.2d at 335. A defendant's offer of proof fails the *Pulizzano* test if any of the five criteria are not met and the court need not go further in applying the test. *State v. Dunlap*, 2002 WI 19, ¶ 29, 250 Wis. 2d 466, 484, 640 N.W.2d 112, 120. If the defendant does satisfy the five *Pulizzano* criteria, the court must determine "whether the defendant's right to present the [] evidence is nonetheless outweighed by the State's

compelling interest to exclude [it]." *St. George*, 2002 WI 50, ¶ 20, 252 Wis. 2d at 516, 643 N.W.2d at 783.

¶ 13 In assessing Anderson's offer of proof, the circuit court accepted Wapp's testimony that A.P. simply did not play with dolls. It found that A.P. was "not a doll kid" and discounted King's recollection of observing the victim with a doll at all. The court further found that King raised the Barbie doll incident after her son was arrested and faced trial. It found that no one else recalled the event.

¶ 14 We defer to the circuit court in both its express and its implicit credibility determinations.[] *See Jacobson v. American Tool Cos*., 222 Wis. 2d 384, 390, 588 N.W.2d 67, 70 (Ct. App. 1998). Such deference is appropriate because the circuit court can observe the witnesses' demeanor and gauge the persuasiveness of their testimony. *Ibid*. The court's findings reflect that it did not find King to be a credible witness. We defer to that finding.

¶ 15 In considering the first *Pulizzano* criterion, the circuit court found that the Barbie doll incident did not "clearly occur." The issue was one of credibility. King testified that she observed the incident and reported it contemporaneously to Wapp; Wapp denied hearing of such an incident prior to the inception of the criminal charges against Anderson. We conclude that the circuit court did not believe King's testimony regarding her observations. *Cf.   State v. Hubanks*, 173 Wis. 2d 1, 27, 496 N.W.2d 96, 105 (Ct. App. 1992) (reviewing court accepts implicit finding that the circuit court believed one witness and disbelieved another). Nothing suggests that the court's determination was based on an erroneous exercise of discretion or an error of law and accordingly we accept it. *See Board of Attorneys Prof'l Responsibility v. Lucareli*, 2000 WI 55, ¶ 32, 235 Wis. 2d 557, 572-573, 611 N.W.2d 754, 762.

¶ 16 King provided the only evidence that the Barbie doll incident took place. Because the circuit court found that King was not credible in this regard, nothing supports a finding that the incident clearly occurred. We agree with the circuit court's conclusion that Anderson therefore failed to satisfy the first *Pulizzano* criterion.

¶ 17 We further concur in the circuit court's assessment of the second *Pulizzano* criterion and hold that the prior sexual conduct described by King does not closely resemble the act in the present case. In considering this factor, the court described A.P.'s accusation as acts "during the same period of time . . . with the same victim and involving different

types of sexual assault conduct . . . . The acts in the present case are multiple, and the act reported by King is singular and they are substantially different." The court compared the details of A.P.'s accusation to the Barbie doll incident: "the licking is substantially different than the assault that A.[P.] reported on her butt . . . . [S]he told her mother that he stuck her in the butt with his potty.  That was hard and it hurt a lot."

¶ 18 Our review is limited because the record does not contain either the videotape of the victim's testimony or a transcript of that videotape. When the record is incomplete, we will assume that the missing material supports the ruling under attack. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226, 232 (Ct. App. 1993). We therefore take the facts to be as the court described them: a sequence of assaultive behaviors upon A.P., including intrusion into her "butt."

¶ 19 King's description of A.P. licking the crotch of a Barbie doll is not sufficiently like A.P.'s accusation against Anderson as to satisfy the second Pulizzano criterion. The behavior with the doll does not resemble a sequence of behaviors encompassing hard and painful anal intrusion. *Cf. Dunlap*, 2002 WI 19, ¶ 27, 250 Wis. 2d at 483-484, 640 N.W.2d at 120 (complainant touching men in the genital area, among other behaviors, not similar to finger-to-vagina contact with possible digital penetration). Therefore, Anderson did not satisfy the second *Pulizzano* factor, requiring the prior conduct to closely resemble that in the instant case. *See Pulizzano*, 155 Wis.2d at 656, 456 N.W.2d at 335.

¶ 20 We part company with the circuit court in its determination that the probative value of the prior sexual conduct evidence outweighs any prejudicial effect. We cannot agree with the court's assessment of this final *Pulizzano* factor.

¶ 21 Probative value is a facet of relevance, specifically, whether the proffered evidence has a tendency to make the consequential fact or proposition more or less probable than it would be without the evidence. *See State v. Sullivan*, 216 Wis. 2d 768, 772, 576 N.W.2d 30, 32-33 (1998). Anderson offered the Barbie doll incident to show an alternative source for A.P.'s sexual knowledge.

¶ 22 The circuit court determined that A.P.'s accusation involved conduct encompassing different kinds of sexual assaults; the probative value of an alternative source for A.P.'s knowledge of just one kind of assault is therefore minimal. Any such value does not outweigh the possibility of trauma from questioning A.P. regarding the incident. *See*

*Pulizzano*, 155 Wis.2d at 653, 456 N.W.2d at 333 (recognizing trauma as a "principal danger" from exploring prior conduct). Nor does it outweigh the prejudice that can arise from "improperly focus[ing] attention on the complainant's character and past actions, rather than on the circumstances of the alleged assault." *See Dunlap*, 2002 WI 19, ¶ 19, 250 Wis. 2d at 480, 640 N.W.2d at 118.

¶ 23 A defendant must satisfy all of the *Pulizzano* criteria to overcome the bar to presenting evidence of prior sexual conduct imposed by Wis. Stat. § 972.11. Because Anderson has failed to do so, we go no further in applying *Pulizzano*. *See Dunlap*, 2002 WI 19, ¶ 29, 250 Wis. 2d at 484, 640 N.W.2d at 120. The proffered evidence of A.P.'s prior sexual conduct with a Barbie doll was not admissible.

*State v. Anderson*, 2008 WI App 1, ¶¶ 12-23, 306 Wis. 2d 848, 743 N.W.2d 166 (Nov. 6, 2007).   The Wisconsin Supreme Court denied Anderson's petition for review of this decision on March 18, 2008.

In October 2008, Anderson filed a motion for post-conviction relief, raising five issues. First, he claimed that the State committed a discovery violation by failing to disclose that his victim received compensation in the form of "a large back-pack filled with toys and arts-supplies" in purported exchange for her making a videotaped statement that constituted the key evidence against Anderson.  Second, Anderson alleged that the State violated his right to a prompt disposition under Wis. Stat. § 971.11, the Intrastate Detainer Act, and violated his constitutional right to a speedy trial.  Third, he claimed that the failure of some of his attorneys to properly investigate witnesses with allegedly relevant testimony about the victim's post-assault behavior constituted ineffective assistance.  Fourth, Anderson alleged that he was denied effective assistance of counsel on remand because his attorney failed to present testimony of fifteen other

witnesses at the *Pulizzano* hearing.  Fifth, Anderson claimed that counsel was ineffective on remand because he failed to object to the State's suborning perjury.

The circuit court determined that Anderson's motion was governed by Wis. Stat. § 974.06 and *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996), and denied relief in a written order.[1]  (Dkt. # 8, Exh. Q).  The circuit court ruled that counsel was not ineffective on remand because none of the witnesses had any relevant evidence to explain how the victim would have precocious awareness of sodomy; therefore, Anderson suffered no prejudice from counsel's failure to call these witnesses. The court also rejected the speedy trial claim because it had been previously decided, and concluded all other issues were barred because they had not previously been raised. *See* Wis. Stat. § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).

While Anderson once again challenged the circuit court's decision on appeal, the Wisconsin Court of Appeals affirmed.  *See State v. Anderson*, 2011 WI App 1, 330 Wis. 2d 833, 794 N.W.2d 296 (Nov. 23, 2010).  The Wisconsin Supreme Court similarly denied Anderson's petition for review.  Anderson now seeks relief in this court from his conviction in Milwaukee County Case No. 2001CF1783 pursuant to 28 U.S.C. § 2254.

---

[1] A post-conviction motion under Wis. Stat. § 974.06 is equivalent to a petition for a writ of habeas corpus.  *See Morales v. Boatwright*, 580 F.3d 653, 656-57 (7th Cir. 2009).

OPINION

## I.    Habeas Corpus Standard of Review

In his petition for relief pursuant to 28 U.S.C. § 2254, Anderson raises the same three claims adjudicated by the circuit court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court.  First, Anderson contends that he was denied effective assistance of counsel in connection with the *Pulizzano* hearing held on remand.  Second, Anderson contends that his trial attorneys were deficient for failing to investigate alternative sources of the victim's sexual knowledge or interview the witnesses who later testified at the *Pulizzano* hearing on remand.  Third, he contends that the state failed to disclose evidence favorable to the defense, including that the victim was compensated for making her videotaped statement.  The court will address each issue in turn.

When a state system issues multiple decisions, a federal habeas corpus court typically considers "the last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012) (unless a state court adopts or incorporates the reasoning of a prior opinion, 28 U.S.C. § 2254 requires federal courts to review one state decision) (citation omitted).  To the extent that the Wisconsin Court of Appeals addressed petitioner's claims on the merits, he must show that its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The standard outlined in § 2254(d)(1) is exacting and "highly deferential," *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 15 (2013), demanding that state courts be given "the benefit of the doubt." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). To prevail, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87. A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Beyond the "formidable barrier" posed by this standard, *Titlow*, 134 S. Ct. at 16, the petitioner bears the additional burden of rebutting the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.    Ineffective Assistance of Counsel on Remand

Anderson contends that he was denied effective assistance of counsel on remand because his attorney did not present fifteen witnesses at the evidentiary hearing held pursuant to *Pulizzano*. Claims for ineffective assistance of counsel are analyzed under the

general standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

The petitioner's ineffective-assistance claim regarding his remand counsel was raised in a post-conviction motion pursuant to Wis. Stat. § 974.06 and adjudicated on the merits by the circuit court, which rejected that claim in a written order.   The Wisconsin Court of Appeals affirmed that result, finding no violation of the *Strickland* standard.

The central question here is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable — a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007).  In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.* (citing *Youngblood v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, this standard is "doubly deferential" on habeas corpus review.  *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly

deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

The circuit court summarized the proposed evidence that Anderson would have presented at the *Pulizzano* hearing and concluded that he was not prejudiced by his attorney's purported failure to call additional witnesses:

> Mr. Anderson alleges that his attorney, Scott Anderson, was ineffective at the *Pulizzano* hearing held in April, 2006.  He contends that Mr. Anderson should have called fifteen other witnesses who would have testified that:
>
> - The victim told a police officer that she liked to play with Barbie dolls, which contradicts a statement the victim's mother made during the *Pulizzano* hearing, to the effect that the victim did not enjoy playing with dolls;
>
> - The victim could have seen Mr. Anderson in the midst of, or in the aftermath of, or discussing, sexual intercourse (the particular mode of which is not described by Mr. Anderson);
>
> - The victim was sexually precocious, that she was seen "humping" the family dog and fondling its testicles and also lying on top of another cousin inserting sticks into her vagina, that she accused a cousin of showing her his penis, and that she may have seen pornographic magazines (although what she may have learned from them is not detailed);
>
> - No one saw corroborating evidence of an assault, such as bodily fluids, stains, or unusual behavior; and
>
> - The victim was unable to differentiate between her buttocks and her vagina, both of which she referred [to] as her "potty."
>
> This claim fails for two separate reasons.  First, none of the additional evidence Mr. Anderson wishes the court had at the *Pulizzano* hearing bears on the question how the victim's alleged precocious sexual awareness explains an assault[] from the rear.   Whether or not Mr.

Anderson's additional evidence suggests a possible prior awareness of cunnilingus, it has nothing to do with sodomy.   Thus, even if Mr. Anderson's additional evidence raises doubts about the court's first conclusion — that the Barbie doll incident did not clearly occur — the evidence does not make a dent in the court's second conclusion, that the alleged prior sexual experience does not closely resemble the alleged assault. In other words, even if I were to order a second *Pulizzano* hearing, this second conclusion, untouched by Mr. Anderson's attack, would compel the same result that Judge Kahn reached previously.   Because Mr. Anderson has not shown that the additional evidence would produce a different outcome, he cannot demonstrate the prejudice necessary to prevail on a claim of ineffective assistance of counsel.

The second reason I reject Mr. Anderson's claim is that by and large the evidence he wished to have presented at the *Pulizzano* hearing was irrelevant.   The two critical questions before the court were (1) whether the Barbie incident clearly occurred and (2) whether there was evidence of precocious sexual experience that closely resembled the assaults alleged against Mr. Anderson, such that the victim's allegations against him might be explained by, or might have been suggested by, such experience.   With these narrow issues in view, it is clear that his additional evidence is irrelevant: whether the assaults were corroborated or not, whether the victim had prior sexual experience involving cunnilingus, whether the victim had a sufficient command of anatomical nomenclature.

*State v. Anderson*, Case No. 01CF1783 (May 27, 2009) (Dkt. # 8, Exh. M).

The Wisconsin Court of Appeals agreed that Anderson was not prejudiced by his attorney's failure to call additional witnesses because the proposed evidence was largely irrelevant and did not otherwise satisfy the *Pulizzano* test:

¶ 10 Anderson claims Attorney Scott Anderson was ineffective for failing to call fifteen witnesses on remand. The circuit court rejected this claim on its merits,[] noting that the proposed testimony of these witnesses was largely irrelevant to the two key questions on remand: Whether the doll incident occurred, and whether it "closely resemble[d]" the alleged assaults. *See Pulizzano*, 155 Wis.2d at 651, 456 N.W.2d 325. In addition, the court noted that even if the proposed testimony made it more likely

that the doll incident occurred, none of it was sufficient to establish how the victim obtained an alternate source of knowledge about sodomy.

¶ 11 We agree with the circuit court's analysis on the proposed testimony; it was irrelevant. Because the evidence was irrelevant, it was inadmissible. Because it was inadmissible, Anderson suffered no prejudice from counsel's failure to pursue it. Because there was no prejudice, counsel was not ineffective. *See Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

*Anderson*, 2011 WI App. 1, ¶¶ 10-11, 330 Wis. 2d 833, 794 N.W.2d 926.

As both the circuit court and the court of appeals noted, Anderson does not demonstrate how any of the proposed testimony would establish that the victim had an alternative source of knowledge about sodomy.  Because the proposed evidence was not clearly relevant to that issue, Anderson was not prejudiced by the failure of his attorney on remand to present additional witnesses at the *Pulizzano* hearing.  Absent a showing of actual prejudice, the state court's decision was not an unreasonable application of *Strickland*.  It follows that Anderson is not entitled to relief under 28 U.S.C. § 2254 on this claim.

## III.    Ineffective Assistance of Counsel at Trial - - Procedural Default

Anderson contends further that his trial attorneys were deficient for failing to (1) investigate alternative sources of the victim's sexual knowledge or (2) interview the witnesses who later testified at the *Pulizzano* hearing on remand.  The circuit court did not consider the merits of the ineffective-assistance claim against his trial attorneys because Anderson did not raise it properly in a post-conviction motion or appeal

13

following the trial. *State v. Anderson*, Case No. 01CF1783 (May 27, 2009) (Dkt. # 8, Exh. M). In particular, the circuit court found that the claim was barred by a procedural rule found in Wis. Stat. § 974.06(4) and interpreted by *State v Escalona-Naranjo*, 185 Wis. 2d 168 (1994), requiring a petitioner to raise all grounds for relief available in his or her original, supplemental or amended motion. Noting that Anderson's failure-to-investigate claim "could have been raised previously, in prior postconviction or appellate proceedings," the Wisconsin Court of Appeals also concluded that the claim was "barred by *Escalona-Naranjo*."

The record confirms that Anderson did not raise an ineffective-assistance claim based on his trial attorneys' failure to investigate his initial motion for post-conviction relief or the ensuing direct appeal.[2] Reasoning that the last state court to consider the claim rejected it based on well-established procedural grounds, the respondent maintains that Anderson's ineffective-assistance claim against his trial attorneys is barred from federal review by the doctrine of procedural default.

A procedural default precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was not fairly presented to the state courts and the opportunity to raise that claim now has passed; or (2) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). A habeas petitioner

---

[2] Anderson's appellate brief raised an ineffective assistance claim alleging that trial counsel was deficient for engaging in delay that violated his right to a speedy trial. (Dkt. # 8, Exh. B).

14

may overcome procedural default by demonstrating cause for the default and actual prejudice by showing the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See id*. at 750.

As cause for this default, Anderson blames his appointed post-conviction and appellate attorneys for refusing to raise a failure-to-investigate claim properly in his initial post-conviction motion or direct appeal.   Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  *Id*.  "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim."  *Id*. (emphasis in original).  Anderson raises no independent ineffective-assistance claim where his post-conviction or appellate counsel are concerned.  Accordingly, his allegation of ineffective assistance does not establish cause for his procedural default.  Absent a valid showing of cause, this claim is procedurally barred.

Even if not barred, Anderson cannot establish that he was prejudiced by his trial attorneys' failure to investigate or locate the witnesses who eventually testified at the *Pulizzano* hearing for the same reasons outlined above.  The evidence presented at that hearing was insufficient to meet the *Pulizzano* test.  Anderson does not propose, much less prove, that, but for his trial attorneys' failure to conduct an adequate investigation, the result of his proceeding would have been different.  Because he establishes neither

deficient performance nor actual prejudice, Anderson has no viable ineffective-assistance claim where his trial attorneys' investigation is concerned. Therefore, he is not entitled to relief on this claim.

IV.   **Brady Disclosure**

Finally, Anderson contends that the state withheld evidence favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing that the victim received "compensation" for making the videotaped statement that was admitted at his trial. As noted above, Anderson claims that the victim received compensation in the form of a backpack containing toys and art supplies from social workers at the Child Protection Center after making the videotaped statement that was admitted at his trial. Observing that this evidence could have been used to impeach the victim at trial, Anderson maintains that the state breached its affirmative duty to disclose this information in discovery.

The respondent argues that Anderson did not fairly present a *Brady* claim in state court because it was cast as a statutory discovery violation of Wis. Stat. § 971.23. The Wisconsin Court of Appeals agreed with that assessment and concluded that the claim was procedurally barred because statutory violations are not cognizable in a post-conviction motion under Wis. Stat. § 974.06:

> Anderson alleges the State failed to disclose, under Wis. Stat. § 971.23, that it had "paid" his victim with toys and art supplies for her videotaped statement. Assuming without deciding that the State was

obligated to disclose that information, Anderson argued that the State had committed a statutory violation, for which his remedy should have been suppression. Although the circuit court ruled this matter was procedurally barred because it had not been previously raised, this claim is barred because Wis. Stat. § 974.06 claims are generally limited to constitutional and jurisdiction issues. *See* Wis. Stat. § 974.06(1); *State ex rel. Panama v. Hepp*, 2008 WI App 146, ¶ 19, 314 Wis.2d 112, 758 N.W.2d 806. The State's alleged discovery violation does not fall within the scope of a § 974.06 motion and was appropriately rejected by the circuit court.

*Anderson*, 2011 WI App. 1, ¶ 7, 330 Wis. 2d 833, 794 N.S.2d 926.

Anderson insists, nevertheless, that he raised a *Brady* claim in his post-conviction motion under Wis. Stat. § 974.06, noting that his brief contains more than one reference to that decision.  The relevant portion of Anderson's brief confirms that he attempted to raise a *Brady* claim regarding the victim's purported compensation, arguing as follows:

A prosecutor . . .  has an affirmative duty to make reasonable inquiry and may not assert that he or she did not know of those things within the ambit of § 971.23 that could have been reasonably discovered.  *State v. White*, 271 Wis. 2d 742, 757, 680 N.W. 2d 362 (Ct. App. 2004)[.] *See Wold v. State*, 57 Wis. 2d 344, 349, 204 N.W.2d 482 (1973) (The prosecutor's duty to disclose encompasses a duty to obtain all evidence in the possession of investigative agencies of the state.)   Non-disclosure of evidence favorable to a defendant violates due process irrespective of the good faith or bad faith of the prosecution.  *Id.  Brady*, 373 U.S. at 87.  *See also United States v Bagley*, 473 U.S. 667, 87 L. Ed.2d 481, 105 S. Ct. 3375 (1985).

(Dkt. # 8, Exh. N, at 41).

After the state ignored Anderson's *Brady* argument in its response brief, Anderson clarified his claim further in his reply brief, explaining as follows:

His discovery claim regarding the alleged victim's compensation for participating in the production of a videotape that was used as the sole piece of evidence to convict him is not merely a statutory claim as argued

17

> by the state, but a constitutional one.  A prosecutor's duty to disclose encompasses a duty to obtain all evidence in the possession of investigative agencies of the state and their failure to disclose evidence favorable to a defendant violates the Fourteenth Amendment to the United States Constitution.  *See Brady v. Maryland*, 373 U.S. 83, 10 L. Ed.2d 215, 83 S. Ct. 1994 (1963).

(Dkt. # 8, Exh. P, at 6).  Thus, contrary to respondent's contention, it appears that Anderson attempted to present a *Brady* claim in state court or at least he did so before the Wisconsin Court of Appeals.

After the Wisconsin Court of Appeals held that his discovery violation was barred from collateral review under 974.06, Anderson did not object or raise an issue regarding the misinterpretation of his alleged Brady violation in his petition for review by the Wisconsin Supreme Court.  (Dkt. # 8, Exh. R).  Because Anderson did not properly raise a *Brady* claim before the state supreme court, he cannot be said to have *fully* presented this issue for purposes of exhausting all available state court remedies.  *See* 28 U.S.C. § 2254(b).

Even assuming that this claim was both fairly and fully presented in state court, and not procedurally barred, Anderson does not demonstrate that a violation of the rule in *Brady* occurred.  In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).  To establish a *Brady* violation, a defendant must demonstrate (1) that the prosecutor willfully or inadvertently suppressed

evidence; (2) that the evidence was favorable to the defendant, either because it was exculpatory or because it has impeachment value; and (3) the evidence material such that prejudice ensued.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995).  "When the 'reliability of a given witness may be determinative of guilt or innocence' nondisclosure of evidence affecting credibility falls within [the *Brady*] rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Evidence is "material" if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 682 (1985). To establish materiality, the "question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). "A 'reasonable probability' of a different result is [] shown when the government's evidentiary suppression 'undermines confidence in the outcome of trial.'" *Id*.

Anderson cannot meet the first requirement for a claim under *Brady*.  Notably, Anderson reportedly discovered the fact that the victim received compensation from the Child Protection Center's social workers after he received his "case file" from postconviction/appellate counsel.  (Dkt. # 8, Exh. N, at 41).  Because it is apparent that Anderson's counsel had access to the evidence in dispute, Anderson does not demonstrate a violation of the duty to disclose.  *See Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005) (evidence is not suppressed for purposes of a *Brady* claim if the evidence

"was otherwise available to the defendant through the exercise of reasonable diligence") (citations omitted); *see also United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005) ("*Brady* rights are not denied where the information was fully available to the defendant and his reason for not obtaining and presenting such information was his lack of reasonable diligence.").

Moreover, Anderson does not meet the other requirements for a *Brady* claim because he does not establish that the evidence could have been used to impeach the victim.[3]  In that respect, Anderson does not otherwise allege facts showing that the victim was promised the backpack in exchange for making her statement.  Therefore, he does not demonstrate that the backpack was material or that it influenced her statement in any way.  Under these circumstances, Anderson does not demonstrate that the state suppressed material evidence or that his conviction was tainted by a *Brady* violation in any way.  Accordingly, he is not entitled to relief on this issue.

## V.   **Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial

---

[3] The victim's videotaped statement was admitted during a stipulated bench trial.  Anderson reportedly agreed to a bench trial on stipulated facts to spare the victim from cross-examination.  Anderson does not allege that he would have insisted on a jury trial with live testimony from the victim for the purpose of evaluating her credibility.

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case.   For the reasons already stated, the court concludes that petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court.   Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED THAT:

1.  The petition filed by Edward D. Anderson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and this case is DISMISSED with prejudice.  The clerk of court is directed to enter judgment for respondent and close this case.

2.  A certificate of appealability is DENIED.  If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 12th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge