IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD D. ANDERSON,
            Petitioner,

    v.

LIZZIE TEGELS, Warden,
New Lisbon Correctional Institution,
            Respondent.

ORDER

11-cv-584-wmc
App. No. 14-3126

---

On August 12, 2014, the court denied the habeas corpus petition filed by state prisoner Edward Anderson pursuant to 28 U.S.C. § 2254. Anderson has filed a notice of appeal from that order and he requests leave to proceed *in forma pauperis*. (Dkts. #29, #30). As directed in this court's order of October 2, 2014, Anderson has submitted a certified copy of his trust fund account statement so that a determination may be made as to whether he is indigent for the purpose of proceeding on appeal *in forma pauperis* and if he is, what amount must be assessed as an initial partial payment of the fee for filing his appeal. Because it does not appear that Anderson has filed his appeal in bad faith or that leave to proceed is otherwise precluded by Fed. R. App. P. 24(a), the court certifies that he is eligible for indigent status with respect to his notice of appeal.

Having found that Anderson is eligible to proceed *in forma pauperis*, the court must determine whether he has the ability to pay some portion of the $505.00 appellate docketing fee. Although appeals taken in federal habeas corpus proceedings are not subject to filing-fee requirements found in the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), a court may nonetheless require an indigent appellant in a non-PLRA case to "pay a fee commensurate with their ability to do so." *Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (citing *Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999)). In other words, a habeas petitioner may be required to make an initial payment in order to have his

appeal filed and to remit monthly installment payments thereafter until he has paid the full appellate filing fee. *See Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

After considering his supporting documentation, the court finds that Anderson has adequate financial resources to make a $134.10 initial partial payment of the $505.00 appellate docketing fee in this case. For his appeal to proceed, Anderson must remit this amount no later than November 19, 2014.

ORDER

IT IS ORDERED that:

1. Having CERTIFIED that the notice of appeal filed in this case (dkt. # 29) has not been taken in bad faith for purposes of Fed. R. App. P. 24(a)(3), petitioner Edward Anderson's motion for leave to proceed *in forma pauperis* (Dkt. # 30) is GRANTED.

2. No later than November 19, 2014, Anderson shall submit a check or money order made payable to the Clerk of Court in the amount of $134.10 as an initial partial payment of the docketing fee for his appeal.

3. Anderson is advised that if he fails to make his initial partial fee payment as directed by November 19, 2014, the clerk's office will notify the court of appeals so that it may take whatever action it deems appropriate with respect to this appeal.

Entered this 28th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge